# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By DReese at 3:58 pm, Aug 21, 2019

In re:

NEACIE D. BLIGE,

       *Debtor.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 13

Number 19-40222-EJC

### OPINION ON CHAPTER 13 TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE

Pending before the Court is the Motion to Dismiss this case with prejudice (dckt. 44) filed by the Chapter 13 Trustee (the "Trustee") based on certain misrepresentations made by Neacie D. Blige (the "Debtor"). Although the Debtor has been incarcerated in Liberty County, Georgia, since February of 2018 on assault charges, throughout this bankruptcy case, she has consistently represented, through various pleadings filed by her son, that she was in a rehabilitation facility due to her declining health. After the Debtor's misrepresentations came to light at the § 341 meeting, the Trustee filed the instant motion on July 12, 2019. At a hearing on July 25, 2019, the Court announced its findings of fact and conclusions of law, which are set forth herein with greater specificity pursuant to Federal

Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014. For the reasons set forth below, the Court will grant the Trustee's Motion to Dismiss with Prejudice.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

## II. FINDINGS OF FACT

The facts of this case are not in dispute. On February 12, 2019, the Debtor filed a Chapter 13 petition. (Dckt. 1). This is her fourth case since 2010, her most recent case having been dismissed on January 11, 2019.[1] During the pendency of her third case, the Debtor executed a power of attorney to permit her son, Jeffrey E. Coleman, Jr., to act on her behalf in that bankruptcy case. The Debtor likewise acted through her son in the present case pursuant to a power of attorney, which was executed on December 27, 2018, and was filed with the Court on February 14, 2019. (Dckt. 12).

Nowhere in the schedules, pleadings, or other papers filed by the Debtor in this case, or in her prior case, was it revealed that she has been incarcerated in Liberty County,

---

[1] The Debtor's first case, No. 10-40145-LWD, was filed on January 22, 2010 (dckt. 1) and was dismissed on May 3, 2013 (dckt. 86) for failure to make payments required by a prior Court order. Her second case, No. 14-41405-JSD, was filed on August 28, 2014 (dckt. 1) and was dismissed (dckt. 43) on November 7, 2016, also for failure to make required payments. The third case, No. 16-41721-MJK, was filed on November 8, 2016 (dckt. 1) and was voluntarily dismissed on January 11, 2019. (Dckt. 52, 53).

2

Georgia, since February of 2018. Worse, the Debtor has made multiple affirmative misrepresentations to the Court throughout this case. The first came in response to Part 1, Question 2 of the Statement of Financial Affairs, which asks "[d]uring the last 3 years, have you lived anywhere other than where you live now?" (Dckt. 1, p. 34). The Debtor checked the box indicating "[n]o." (Dckt. 1, p. 34).

On February 12, 2019, the Debtor filed a Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B). (Dckt. 7). In that motion, the Debtor asserted the following as grounds for extension of the stay:

> The Debtor's prior case was filed in November 2016. At the time of filing, the Debtor was employed and made regular payments to the Chapter 13 Trustee. *However, due to declining health, the Debtor was unable to continue working and fell behind on her real estate taxes.* The Debtor voluntarily dismissed her previous case to refile a new Chapter 13 plan to feasibly address her debts.
>
> The Debtor, while no longer working, relies on family contributions to pay her expenses. She has assigned Power of Attorney to her son, who financially supports her, in order to adequately handle her financial and legal affairs. The Schedules filed with the Petition demonstrate that this case is feasible and represents the Debtor's best effort to repay creditors.

(Dckt. 7, pp. 1-2) (emphasis added). Based on these representations, which proved to be partially false, the Court extended the automatic stay pursuant to its negative notice procedure, no objections having been filed to the motion. (Dckt. 17).

The Debtor's § 341 meeting was initially scheduled for March 21, 2019 (dckt. 9) and was continued to April 4 based on her failure to appear. When the Debtor failed to appear at the April 4 meeting, the Trustee filed an Objection to Confirmation (dckt. 20), which included a request that the case be dismissed. The Trustee also continued the § 341 meeting to April 10, the date set for the Debtor's confirmation hearing. On April 8, 2019, the

3

Debtor filed a Motion to Be Excused from Meeting of Creditors ("Motion to Be Excused"), in which she asserted the following:

> 1. Debtor filed for protection under Chapter 13 Bankruptcy on February 12, 2019.
>
> 2. Debtor's Chapter 13 Meeting of Creditors was held March 21, 2019. *Because of medical conditions suffered by the Debtor, she is unable to attend a meeting in person. Debtor is currently in a rehabilitation facility for an indefinite amount of time.*
>
> 3. The Debtor's Chapter 13 petition was prepared with the assistance of Debtor's son, who is familiar with Debtor's financial affairs, and holds a special, bankruptcy Power of Attorney for the Debtor. Debtor's son also holds the Debtor's general Power of Attorney.
>
> 4. The Debtor's son, who lives in San Diego, CA, is willing and able to answer interrogatories about the Debtor's financial affairs.
>
> Wherefore, the Debtor prays that the Court enter an Order excusing her from making a personal appearance at a meeting of creditors in this Chapter 13 case, that the Chapter 13 Trustee prepare interrogatories to be answered by the Debtor's son, and for such further relief as the Court deems just.

(Dckt. 22, p. 1) (emphasis added). This motion was not verified by the Debtor or by her son.

The Court held a hearing on the Motion to Be Excused on April 25, 2019. Neither the Debtor nor her son appeared at the hearing. After some discussion, counsel agreed that the Debtor's appearance at the § 341 meeting would be waived on the condition that her son appear in person at the United States Trustee's office in San Diego. On May 22, 2019, the Court entered an order that conditionally granted the Motion to Be Excused on the following terms:

> The Debtor is excused from attending the meeting of creditors, conditioned upon the Debtor's son attending a meeting of creditors on June 25, 2019 at 10:00 a.m. (PST), and satisfactorily answering the Chapter 13 Trustee's questions. The meeting is to be held at the United States Department of Justice's Office of the

4

United States Trustee which is located at 880 Front Street, Suite 3230 in San Diego, California 92101.

(Dckt. 33, p. 2). The Debtor's case came on for another confirmation hearing on May 29, 2019, and was continued to July 25, 2019, to accommodate the Debtor's request for these special arrangements. (Dckt. 36).

When the Debtor's son appeared at the § 341 meeting in San Diego, he revealed for the first time that the Debtor was in jail rather than in a rehabilitation facility. After confirming the status of the Debtor's incarceration, the Trustee filed a second Objection to Confirmation (dckt. 43), as well as the instant Motion to Dismiss with Prejudice. (Dckt. 44). At the confirmation hearing on July 25, 2019, the foregoing facts were presented through proffers of Debtor's counsel and of counsel for the Trustee, Carri Johnson, both of whom participated telephonically in the San Diego § 341 meeting from the Trustee's Office in Savannah, Georgia.

## III. CONCLUSIONS OF LAW

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279 (1991)). Consistent with that purpose, the debtor's good faith, or lack thereof, is a recurring theme throughout the Bankruptcy Code, including the section governing dismissal of a Chapter 13 case. Section 1307(c) of the Bankruptcy Code provides that a bankruptcy court may dismiss a Chapter 13 case "for cause" and provides a non-exhaustive list of causes. 11 U.S.C. § 1307(c). Although bad faith, or a lack of good faith, is not included in this list, courts have held that bad-faith conduct can

5

constitute cause for dismissal under § 1307(c). *See Marrama*, 549 U.S. at 373; *Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1263 (11th Cir. 2013).

The Eleventh Circuit has held that when conducting a good faith analysis, bankruptcy courts should consider the totality of the facts and circumstances of the individual case. *Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885, 888-89 (11th Cir. 1983). "[B]roadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose or spirit of [the Bankruptcy Code] . . . ." *Kitchens v. Georgia R.R. Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885, 888-89 (11th Cir. 1983). The inquiry in *Kitchens* was guided by a non-exclusive list of fifteen factors. *In re Roberts*, No. 11-60690, 2013 WL 441378, at *2 (Bankr. S.D. Ga. Jan. 24, 2013) (Dalis, J.). "Notwithstanding the number and variety of possibly relevant factors, 'the easiest way to fail the good faith test . . . is for a debtor to misrepresent, lie or otherwise mislead the court.'" *Id.* (quoting *In re Thomas*, 443 B.R. 213, 218 (Bankr. N.D. Ga. 2010) (Murphy, J.)). The burden of establishing cause for dismissal is on the moving party. *Staggs v. Kirk (In re Kirk)*, 548 B.R. 597, 604 (Bankr. S.D. Ga. 2016).

Here, the Debtor, acting through her son pursuant to a power of attorney, made multiple material misrepresentations concerning her incarceration. In her Statement of Financial Affairs, she lied about her residence in the Liberty County jail. (Dckt. 1, p. 34). To obtain the benefit of the automatic stay, which otherwise would have expired thirty days after

6

the petition was filed,[2] she cited her "declining health" as the reason she was unable to make payments in her prior case, resulting in its dismissal. (Dckt. 7). Seeking to be excused from the § 341 meeting, she referenced certain "medical conditions" and claimed, falsely, to reside in a "rehabilitation facility."[3] (Dckt. 22, p. 1). Having considered all the facts and circumstances, the Court finds that these misrepresentations constitute an abuse of the provisions, purpose, and spirit of the Bankruptcy Code. *See Kitchens*, 702 F.2d at 888-89. Accordingly, the Court will dismiss this case.

"Dismissal under § 1307(c) is a two-step process. Once the court has determined that cause to dismiss exists, it still must decide what remedial action–what form of dismissal–should be taken." *Ellsworth v. Lifescape Med. Assoc. (In re Ellsworth)*, 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011). Under 11 U.S.C. § 349(a), "[t]he dismissal of a bankruptcy case is ordinarily made without prejudice, 'unless the court, for cause, orders otherwise[.]'" *In re Stockwell*, 579 B.R. 367, 372 (Bankr. E.D.N.C. 2017). "Dismissal of a bankruptcy case with prejudice 'bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues.'" *Id.* "Whether to dismiss a case with prejudice is committed to the sound discretion of the court." *Wenegieme v. Macco*, 580 B.R. 17, 23-24 (Bankr. E.D.N.Y. 2018). "It is well-established that courts have discretion to bar re-filing of a bankruptcy action for periods of a year or longer[.]" *Id.* at 24. Here, the Debtor's conduct was

---

[2] *See* 11 U.S.C. § 362(c)(3)(A).

[3] A debtor's incarceration does not constitute a "good and sufficient reason" to waive his appearance at the § 341 meeting. *In re Moore*, No. 12-11266, 2012 WL 6947810, at *2 (Bankr. S.D. Ga. Aug. 24, 2012) (Barrett, C.J.).

7

so egregious that the Court will dismiss this case with prejudice, barring refiling of a petition for a period of three years. A separate order will be entered consistent with this Opinion.

Dated at Savannah, Georgia, this 21st day of August, 2019.

Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia